**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class PARKER J. MILLER**
**United States Air Force**

**ACM 38327**

**05 March 2014**

Sentence adjudged 6 March 2013 by GCM convened at MacDill Air Force Base, Florida. Military Judge: Rodger J. Drew, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 36 months, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Maria A. Fried.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Rhea A. Lagano; and Gerald R. Bruce, Esquire.

Before

ROAN, ORR, and HARNEY
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

On 5 March 2013, the appellant pled guilty before a military judge sitting as a general court-martial to 26 drug related specifications. Specifically, the appellant pled guilty to knowingly possessing, knowingly using, and wrongfully distributing multiple intoxicating substances for the intended use of altering mood or function, prohibited by Air Force Instruction 44-120, *Military Drug Demand Reduction Program*, ¶ 1.1.6 (3 January 2011), in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. After merging two specifications, the military judge accepted the appellant's guilty pleas and found the appellant guilty. The military judge also found the appellant, contrary to his plea, guilty of one specification of wrongful introduction of intoxicating substances

onto a military installation, in violation of Article 134, UCMJ. He sentenced the appellant to a bad-conduct discharge, confinement for 42 months, and reduction to E-1. The convening authority approved the findings and only so much of the sentence that provided for a bad-conduct discharge, confinement for 36 months, and reduction to E-1.[1]

The appellant raises two issues for our consideration: (1) Whether his sentence was inappropriately severe, and (2) Whether he received ineffective assistance of counsel.[2]

*Sentence Severity*

The appellant asserts his approved sentence of 36 months of confinement is inappropriately severe when compared to the cases of other Airmen convicted of similar offenses. Specifically, he asserts that out of the over 500 Airmen then-recently convicted of at least one drug charge in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, less than 10 Airmen received over 2 years of confinement. Additionally, he asks this Court to consider his cooperation with the Air Force Office of Special Investigations and reduce the amount of his confinement.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Our determination is made in light of the character of the offender, the nature and seriousness of the offenses, and the entire record of trial, in order to prevent a miscarriage of justice. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We will not engage in sentence comparison except in rare cases and only with closely related cases. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

Given the nature of all the facts and circumstances of this case, we have no reason to conclude the adjudged sentence is inappropriately severe for these offenses and this

---

[1] We note several mistakes in the court-martial order (CMO). First, the word "Methylethcathinone" was misspelled in Specification 13 of Charge II. Second, the CMO incorrectly states the appellant wrongfully distributed "substances" in Specifications 3-5 of Charge III, while the charge sheet alleges he wrongfully distributed "a substance." Third, the CMO fails to properly reflect the appellant's initial plea of guilty to Charge I and its Specification, and his subsequent withdraw of that plea. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 10.4.4.3 (26 November 2003) (incorporating through Change 2, 10 July 2006) ("Where the [record of trial] reflects an accused changed a plea during trial, show this in the initial order at the place provided for pleas."). Finally, during the appellant's providence inquiry, the military judge merged Specifications 4 and 5 of Charge II into one specification. At findings, the military judge found the appellant guilty of Specifications 1-4 and 6-10 of Charge II. The CMO incorrectly reflects that merger into an unnumbered "Specification," of which findings were never entered. Instead, the CMO should reflect Specification 5 being merged into Specification 4. We order the promulgation of a corrected CMO. AFI 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).
[2] The appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

offender. Any sentence relief under these circumstances would amount to clemency. *Healy*, 26 M.J. at 396. Moreover, it would be improper for us to engage in sentence comparison based upon a reference to over 500 courts-martial without any specific showing of how those cases are related to the appellant's case. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. In this case, when the appellant was convicted of a myriad of drug-related offenses, including the use and possession of intoxicating substances and distribution of prohibited substances to military members on multiple occasions, including on base, he clearly deviated from the standards of conduct expected of Airmen. Given that the maximum punishment for his crimes included confinement for 54 years, we find the approved sentence was clearly within the discretion of the military judge and the convening authority, was appropriate in this case, and was not inappropriately severe.

### Ineffective Assistance of Counsel

In his second assignment of error, the appellant contends his trial defense counsel was ineffective because he advised the appellant to reject a pretrial agreement (PTA) that would have resulted in a more favorable sentence than the one the military judge adjudged. In the months prior to his court-martial, the appellant and his counsel discussed an offer of a PTA from the Government that would limit his confinement to 18 months in exchange for a plea of guilty to the offenses. Because his approved sentence included 36 months of confinement, he asks this Court to reassess his sentence.

We review claims of ineffective assistance of counsel de novo. *United States v. Sales*, 56 M.J. 255, 258 (C.A.A.F. 2002). Service members have a fundamental right to the effective assistance of counsel at trial by courts-martial, *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005), including that assistance provided at a guilty plea. *United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (citing *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1405 (2012)). To establish ineffective assistance of counsel, the appellant "must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009)). The appellant must establish the "representation amounted to incompetence under 'prevailing professional norms.'" *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 690). In evaluating counsel's performance under the first prong, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 689, 688.

Here, the appellant and his trial defense counsel acknowledge the appellant rejected the Government's offer for a PTA with an 18 month confinement cap. However, they have different, but similar versions of the rationale behind the appellant's decision to reject the offer.

The appellant claims he rejected the PTA offer based upon his attorney's advice, which was given during several conversations about the offer. His declaration states trial defense counsel told him the Government's offer was "preposterous," and he believed the appellant would receive less than 18 months of confinement at trial. The appellant claims he told his trial defense counsel that if the Government would not go down on the amount of confinement, he would take what he could get. However, after his trial defense counsel told him there was no chance of getting more than 1 year of confinement, he agreed to not take the deal.

In a declaration submitted pursuant to this Court's order, trial defense counsel described multiple conversations with the appellant about the overwhelming evidence against the appellant and the possibility of entering into a PTA with an 18 month cap, and advising the appellant about that PTA. He acknowledged telling the appellant that an 18 month cap was not a good deal as he thought they would do better by pleading guilty without a PTA. He also stated he told the appellant, "although he could get more than 18 months [of] confinement, I didn't believe it likely." He further explained to the appellant that the military judge might consider the guilty plea without a PTA as a mitigating factor during sentencing. Trial defense counsel approached the Government about a better deal, but those discussions proved unsuccessful. After considering the pros and cons of accepting the PTA with an 18 month confinement cap, the appellant decided to reject the offer.

Although there are slight factual differences between the two declarations, we need not order an evidentiary hearing because this legal issue can be resolved based on the "appellate filings and the record." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). They "compellingly demonstrate" that the appellant chose to reject the offer of a PTA based on the advice he received from his trial defense counsel. *Id.*

Although we find the appellant's description of his trial defense counsel's advice generally to be accurate, there are reasonable explanations for trial defense counsel's advice and his level of advocacy on the appellant's behalf was not "measurably below the performance ordinarily expected of fallible lawyers." *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991) (citations omitted) (alterations and internal quotation marks omitted). Given the appellant's vacillation and reluctance to accept a PTA that included confinement for more than 12 months, trial defense counsel advised the appellant to plead guilty to most of the specifications without a PTA in an effort to receive a lesser sentence. Although this strategy proved unsuccessful, it was reasonable at the time and under the circumstances, and was consistent with the appellant's desires. Therefore, we

will not second guess this strategic decision.  *See United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993).  In short, the appellant's trial defense counsel was not ineffective.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).  Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court