

No. 11–0625/AR.  U.S. v. Larry E. Henderson, Jr.  CCA 20090613.

Review granted on the following issues:

WHETHER, IN LIGHT OF *BULLCOMING v. NEW MEXICO*, 131 S.CT. 2705 (2011), APPELLANT WAS DENIED MEANINGFUL CROSS-EXAMINATION OF GOVERNMENT WITNESSES WHO PERFORMED AND OBSERVED THE ERRONEOUSLY ADMITTED LABORATORY TESTS IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT OF CONFRONTATION WHEN THE MILITARY JUDGE ALLOWED THE EXPERT TOXICOLOGIST TO TESTIFY TO NON-ADMISSIBLE HEARSAY.

WHETHER APPELLANT WAIVED THE CONFRONTATION CLAUSE ISSUE WITH RESPECT TO THE FORENSIC LABORATORY REPORTS BY ONLY OBJECTING TO THEIR ADMISSION BASED ON AN INADEQUATE CHAIN OF CUSTODY.

The decision of the United States Army Court of Criminal Appeals is vacated. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for consideration of the granted issues. [See also ORDERS GRANTING PETITION for review this date.]

No. 12–0142/NA.  U.S. v. Osborn N. Miranda.  CCA 201100084.  On consideration of the petition for grant of review of the decision of the United States Navy-Marine Corps Court of Criminal Appeals, we note that the convening authority approved the sentence, which included a bad-conduct discharge, and then stated, In accordance with the UCMJ, Rules for Courts-Martial, applicable regulations, and this action, the sentence is ordered executed. Under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings. Thus, to the extent that the convening authority's action purported to execute the bad-conduct discharge, it was a nullity. To avoid any error in this regard, we again suggest that the model Forms for Action in *Manual for Courts-Martial, United States* app. 16 at A16-1—A16-6 (2008 ed.) be revised. *See United States v. Politte*, 63 M.J. 24, 26 n.11 (C.A.A.F. 2006). Accordingly, it is ordered that said petition is hereby granted, and the decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 09–5003/AF.  U.S. v. Brandon T. Rose.  CCA 36508.  Review granted on the following issue:

WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL

ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ-PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

No briefs will be filed under Rule 25.

No. 12–0132/AR. U.S. v. Kristopher M. Hilou. CCA 20100770. Review granted on the following issue:

WHETHER THE SPECIFICATION OF CHARGE II FAILS TO STATE AN OFFENSE AS IT DOES NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, 'THE TERMINAL ELEMENT' AS REQUIRED BY *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

No briefs will be filed under Rule 25.

Misc. No. 12–8010/AR. In Re Calvin J. Davenport. CCA 20081102. On consideration of the petition for extraordinary relief in the nature of a writ of prohibition and Petitioner's motion to stay the proceedings, it is ordered that said motion to stay the proceedings is hereby denied, and said petition is hereby denied without prejudice to raising the issue in the normal course of appellate review.