UNITED STATES, Appellant and Cross-Appellee

v.

Brandon T. ROSE, Airman Basic
U.S. Air Force, Appellee and Cross-Appellant

No. 09-5003

Crim. App. No. 36508

United States Court of Appeals for the Armed Forces

Argued April 3, 2012

Decided May 24, 2012

RYAN, J., delivered the opinion of the Court, in which BAKER, C.J., ERDMANN and STUCKY, JJ., and EFFRON, S.J., joined.

Counsel

For Appellant and Cross-Appellee:  Lieutenant Colonel Linell A. Letendre (argued); Colonel Don M. Christensen and Gerald R. Bruce, Esq. (on brief).

For Appellee and Cross-Appellant:  Dwight H. Sullivan, Esq. (argued); Major Michael S. Kerr (on brief); Major Daniel E. Schoeni.

Amicus Curiae for Appellee:  Cherlyn Walden (law student) (argued); Danielle Purcell (law student), Brooks Holland, Esq. (supervising attorney) (on brief) -- for Gonzaga University School of Law.

Military Judges:  David F. Brash (court-martial) and Jennifer Whittier (DuBay hearing)

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Rose, 09-5003/AF

Judge RYAN delivered the opinion of the Court.

Under Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2006), the Judge Advocate General of the Air Force (TJAG) certified the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN FINDING INEFFECTIVE ASSISTANCE OF COUNSEL IN THIS CASE.

We answer the question in the negative, albeit under different reasoning than the United States Air Force Court of Criminal Appeals (AFCCA). Where, as here, a defendant's reasonable request for information regarding sex offender registration was "a key concern" identified to defense counsel that "went unanswered," and if it had been correctly answered he would not have pleaded guilty, we hold that he received ineffective assistance of counsel.

Moreover, in light of our decision in United States v. Ballan, 71 M.J. 28 (C.A.A.F. 2012), we hold that it was obvious error to omit the terminal element of Article 134, UCMJ, 10 U.S.C. § 934 (2006), from Specification 4 under Charge V, but that there was no prejudice to Appellee's substantial rights.[1]

_____

[1] On January 17, 2012, we granted the issue raised in Appellee's cross-petition:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN UNITED STATES v. RESENDIZ-PONCE AND RUSSELL v. UNITED STATES, AND THIS COURT'S OPINION IN UNITED STATES v. FOSLER, 70 M.J. 225 (C.A.A.F. 2011).

2

Therefore, we affirm the decision and order of the AFCCA setting aside the findings of guilty to Specifications 1, 2, and 3 under Charge V and the sentence, affirming the remaining findings of guilty, and authorizing a rehearing.[2]

## I. PROCEDURAL HISTORY

Consistent with his pleas, a military judge sitting as a general court-martial convicted Appellee of attempted larceny, disobeying an order, drunk driving, larceny, forgery, housebreaking, indecent assault, and obstructing justice, in violation of Articles 80, 92, 111, 121, 123, 130, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 892, 911, 921, 923, 930, 934 (2006).[3] The military judge sentenced

---

__ M.J. __ (C.A.A.F. 2012) (order granting review).

[2] Oral argument in this case was heard at Gonzaga University School of Law, Spokane, Washington, as part of the Court's "Project Outreach." See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003). This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

[3] The indecent assaults occurred prior to October 1, 2007, the effective date of the amendments to the UCMJ and Manual for Courts-Martial, United States (MCM) made by the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3256-63 (2006), so they were properly charged under Article 134, UCMJ. See MCM, Punitive Articles Applicable to Sexual Assault Offenses Committed Prior to 1 October 2007 app. 27 at A27-2 (2008 ed.). None of the specifications under Charge V alleged the terminal element of Article 134, UCMJ.

Appellee to a dishonorable discharge and confinement for twenty months.  The convening authority approved the sentence.

The long appellate history in this case began when Appellee learned that he was required to register as a sex offender after he completed his in-processing paperwork for confinement at Scott Air Force Base.  As a result of his discovery and pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), Appellee claimed, inter alia, that he received ineffective assistance of counsel.  In response to Appellee's claim, Mr. Connors, civilian defense counsel, and Captain Logan, detailed military defense counsel, submitted affidavits to the AFCCA. Unable to resolve the issue based on the information from the affidavits, the AFCCA returned the record of trial to TJAG for referral to the convening authority for a post-trial hearing in accordance with United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

Relying on the facts developed at the DuBay hearing, the AFCCA held that Appellee met his burden of proof to establish ineffective assistance of counsel under both prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant to show deficient performance by counsel and "that the deficient performance prejudiced the defense").  United States v. Rose, 67 M.J. 630, 636 (A.F. Ct. Crim. App. 2009).  The AFCCA then set aside the findings of guilty as to the three indecent

4

assault specifications (Specifications 1, 2, and 3 of Charge V) and authorized a rehearing on the indecent assault findings and the sentence.  Id. at 638.  On April 8, 2009, TJAG certified two issues to this Court.[4]  Following oral argument, we set aside the decision of the AFCCA and remanded to the lower court to obtain an affidavit from Appellee's original assistant military defense counsel and to reconsider the issue of ineffective assistance of counsel.  United States v. Rose, 68 M.J. 236 (C.A.A.F. 2009) (summary disposition).

After receiving the affidavit from Appellee's original trial defense counsel, the AFCCA, sitting en banc, found that it

---

[4] Under Article 67(a)(2), UCMJ, TJAG certified the following issues:

> I.  WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN DENYING THE UNITED STATES' REQUEST THAT THE COURT ORDER AN AFFIDAVIT FROM APPELLEE'S ORIGINAL MILITARY DEFENSE COUNSEL.

> II.  WHETHER AN "IMPRESSION" LEFT BY CIVILIAN DEFENSE COUNSEL THAT APPELLEE MAY NOT HAVE TO REGISTER AS A SEX OFFENDER AMOUNTED TO AN AFFIRMATIVE MISREPRESENTATION AND LED TO APPELLEE RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL.

United States v. Rose, 67 M.J. 402 (C.A.A.F. 2009) (certificate for review filed).

"add[ed] nothing."[5]  United States v. Rose, No. ACM 36508 (f rev), 2010 CCA LEXIS 251, at *2, 2010 WL 4068976, at *1 (A.F. Ct. Crim. App. June 11, 2010) (en banc).  The AFCCA reconsidered its prior decision and again held that Appellee met his burden under both prongs of the Strickland test.  2010 CCA LEXIS 251, at *13, 2010 WL 4068976, at *5.  On July 12, 2010, TJAG filed another certificate for review, 69 M.J. 198 (C.A.A.F. 2010), and we again set aside the AFCCA's decision because it acted on the findings with respect to the indecent assault specifications but not on the remaining findings and the sentence.  United States v. Rose, 69 M.J. 426 (C.A.A.F. 2010) (summary disposition). Thus, we remanded the case to the lower court to complete its review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006), as to the remaining findings and the sentence.  Id.

In response, the AFCCA issued its third opinion in this case, and, consistent with its initial opinion finding ineffective assistance of counsel, it once again dismissed the indecent assault specifications, affirmed the remaining findings, and reassessed the sentence from twenty to seventeen months of confinement and a dishonorable discharge.  United

---

[5] In his affidavit, Mr. (formerly Captain) George stated, "With regard to any discussions regarding sex offender registration, I have no recollection, one way or the other, as to whether [Airman Basic (AB)] Rose and I discussed this matter prior to AB Rose releasing me as his [area defense counsel]."  2010 CCA LEXIS 251, at *2, 2010 WL 4068976, at *1.

States v. Rose, No. ACM 36508 (rem), 2011 CCA LEXIS 349, at *4, 2011 WL 6010908, at *1 (A.F. Ct. Crim. App. Mar. 9, 2011) (en banc). The Government then filed a motion to reconsider, which the AFCCA granted. In an unpublished order, the AFCCA noted that the findings of guilty for the indecent assault specifications had already been set aside in its February 2009 opinion, so it affirmed the remaining findings, set aside the sentence, and authorized a rehearing on the indecent assault specifications and the sentence. United States v. Rose, No. ACM 36508 (rem), slip op. at 1-2 (A.F. Ct. Crim. App. Aug. 15, 2011) (en banc) (unpublished order).

On September 14, 2011, TJAG certified the instant issue, asking us to consider whether the AFCCA erred in finding ineffective assistance of counsel. Appellee then filed, and we granted, a cross-petition seeking review in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011), of Charge V, alleging violations of Article 134, UCMJ, where the terminal element was omitted from the language of the specifications.

## II. FACTUAL BACKGROUND

The following facts are relevant to Appellee's decision to plead guilty to the indecent assault specifications.[6]

---

[6] For a more detailed account of the underlying offenses, see Rose, 67 M.J. at 631-32.

7

In 2005, Appellee was charged with committing numerous offenses.  He was initially represented during the early stages of the investigation and at the first Article 32, UCMJ, 10 U.S.C. § 832 (2006), hearing by Captain George and Mr. Connors, a civilian defense counsel.  Appellee later released Captain George, who was replaced by Captain Logan.  The DuBay military judge noted that Captain Logan was "a relatively new [defense counsel] at the time" who was "very deferential to Mr. Connors' handling of [the] case."  Before trial began, Appellee submitted a proposed pretrial agreement in which he agreed to plead guilty to all of the offenses except for the three indecent assault specifications listed under Charge V as Specifications 1, 2, and 3.  The convening authority rejected this proposal.

Appellee testified that he was worried about pleading guilty to indecent assault because he did not want to register as a sex offender, and he communicated his concern multiple times to his defense counsel.  This testimony was corroborated.  For example, a defense paralegal testified that Appellee asked him on the telephone about sex offender registration on "two or three occasions."  And Captain Logan testified that he recalled Appellee telling him, "I won't plead guilty if I have to register as a sex offender."  Indeed, the "[o]ne thing" that Captain Logan recalled that Appellee "made clear" -- "the one thing from the case" that stuck out to him -- was that

8

"[Appellee] wasn't going to plead to the indecent assaults if he had to register as a sex offender."

Mr. Connors viewed the alleged indecent assaults as "fairly innocuous types of charges" that amounted to "just foolery." He testified that, while the issue of sex offender registration was "raised at some point" during his discussions with Appellee, neither he nor Captain Logan ever directly told Appellee that he would have to register as a sex offender if he pleaded guilty. In fact, Mr. Connors testified that he "[did not] remember a complete dispositive answer being ever elicited from myself or the other counsel." Nevertheless, Mr. Connors acknowledged that he would not have advised Appellee to plead guilty if he had known that Appellee would have to register as a sex offender. At no point did any defense counsel investigate the answer to Appellee's question regarding sex offender status.

Appellee recalled that Mr. Connors said that "he was not sure" about sex offender registration, but that Mr. Connors did not "see [a reason] why," based on the allegations, it "would be a registerable offense." Captain Logan simply deferred to Mr. Connors. Relying on the responses from his counsel, Appellee believed that he would not have to register. He testified: "The only thing I understood was that . . . I would not have to [register];" and "the way he made it seem was I wouldn't have to [register] by everything that he was saying." The DuBay

9

military judge found the testimony truthful and credible, and she concluded that Appellee's question regarding sex offender registration was "a key concern" that "went unanswered" in this case. Additionally, she concluded that Appellee's "impression that he would not have to register" was "reasonable under the circumstances."

In accordance with Mr. Connors's recommendation, Appellee entered into a pretrial agreement and agreed to plead guilty to all of the charges. Relevant to Appellee's cross-petition, the military judge listed and defined both clauses of the terminal element for each Article 134, UCMJ, specification during the plea colloquy. The military judge had Appellee describe the underlying facts and explain why his conduct was service discrediting or prejudicial to good order and discipline for each specification. Ultimately, the military judge found the pleas to be provident, and he accepted them.

## III.  DISCUSSION

### A.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." United States v. Green, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing Strickland, 466 U.S. at 687). The Strickland test applies in the context of guilty pleas where an

appellant challenges the plea based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). And the Supreme Court recently reaffirmed that the entry of a guilty plea is a critical stage of the litigation, where a criminal defendant is entitled to effective assistance of counsel. Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); Padilla v. Kentucky, 130 S. Ct. 1473, 1480-81 (2010) (noting that a defendant is entitled to "'the effective assistance of competent counsel'" before deciding to plead guilty (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970))); cf. United States v. St. Blanc, 70 M.J. 424, 428 (C.A.A.F. 2012).

Ineffective assistance of counsel claims involve mixed questions of law and fact: "[t]his Court reviews factual findings under a clearly erroneous standard, but looks at the questions of deficient performance and prejudice de novo." United States v. Gutierrez, 66 M.J. 329, 330-31 (C.A.A.F. 2008). With respect to the first prong, whether counsel's performance was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see also Harrington v. Richter, 131 S. Ct. 770, 788 (2011) ("Even under de novo review, the standard for judging counsel's representation is a most deferential one."). With regard to the

second prong, an appellant in a guilty plea case establishes prejudice by showing that, but for counsel's deficient performance, there is a "'reasonable probability'" that "'he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Tippit, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting United States v. Alves, 53 M.J. 286, 289 (C.A.A.F. 2000)); see also Hill, 474 U.S. at 59.

In order to establish deficient performance, Appellee must establish that counsel's "representation amounted to incompetence under 'prevailing professional norms.'" Harrington, 131 S. Ct. at 788 (quoting Strickland, 466 U.S. at 690). While we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, there are nevertheless "important guides" by which we must measure that conduct, one of which is the Rules of Professional Conduct. Frye, 132 S. Ct. at 1408 ("Though the standard for counsel's performance is not determined solely by reference to codified standards of professional practice, these standards can be important guides.").

Under the American Bar Association (ABA) Model Rule of Professional Conduct 1.4 and the Air Force (AF) Rule of Professional Conduct 1.4 (2005), an attorney has a duty to "promptly comply with reasonable requests for information."

12

In this case, it is undisputed that Appellee requested information from his defense counsel asking whether he would have to register as a sex offender if he pleaded guilty to the indecent assault offenses, and that, at a minimum, his attorney never complied with his request for information. Further, the DuBay military judge found as fact that Appellee raised the issue of registering as a sex offender as "a key concern" with his counsel. And, tellingly, Mr. Connors acknowledged that he would not have advised Appellee to plead guilty if he had known that Appellee would have to register as a sex offender, but never undertook to investigate the actual answer to the question posed by Appellee. Yet while Mr. Connors never investigated or correctly answered the question that was his client's key concern, he nonetheless advised Appellee to plead guilty.

While counsel's failure to answer a specific request for information violates the duty to "promptly comply with reasonable requests for information" under the ABA Model Rules of Prof'l Conduct R. 1.4 and the AF Rule of Prof'l Conduct 1.4, not every failure to answer a client's question will rise to the level of deficient performance under the stringent Strickland standard. However, based on the facts of this case, it did. We hold that counsel's failure to comply with a reasonable request for information about sex offender registration amounted to deficient performance where counsel knew that this was a "key

13

concern," and where, had the request been investigated and answered, even counsel acknowledges that his advice would have been different.

To prevail on his claim of ineffective assistance of counsel, Appellee must also demonstrate prejudice. In the context of a guilty plea, the prejudice question is whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[7] Hill, 474 U.S. at 59; Tippit, 65 M.J. at 76. Here, the DuBay military judge's findings resolve the question of prejudice. It is undisputed that Appellee's defense counsel failed to provide him with accurate advice regarding sex offender registration even though he requested it before he made the decision to plead guilty. The DuBay military judge found Appellee's testimony to be "truthful[] and credibl[e]" -- he would not have pleaded guilty

---

[7] The Government argues that, because Appellee has "not registered as a sex offender in any state" since his conviction, he cannot show prejudice under the second prong of Strickland. Even though it is unclear from the record whether Appellee has registered, the test for prejudice is not whether he has registered, but rather whether there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial but for counsel's deficient performance. See Hill, 474 U.S. at 59; Tippit, 65 M.J. at 76. In this case the record is clear on that point.

14

"if he had to register as a sex offender."[8]  This finding of fact is not clearly erroneous in a context where Appellee requested information regarding sex offender status on several occasions, did not agree to plead guilty to the indecent assault charges in his first proposed pretrial agreement, made clear to his counsel that the information was important to him, and was nonetheless advised to plead guilty.

Based on the facts of this case, we hold that Appellee has established ineffective assistance of counsel because he has "demonstrate[d] both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." Green, 68 M.J. at 361.

B.  Failure to Allege Article 134, UCMJ, Terminal Element

Appellee's court-martial was in 2005.  Specification 4 under Charge V, alleging obstruction of justice as a violation of Article 134, UCMJ, was "legally sufficient at the time of trial and [is] problematic today only because of intervening changes in the law."  See Ballan, 71 M.J. at 34 n.4.  When defects in a specification are raised for the first time on appeal because of intervening changes in the law, we test for

---

[8] The Government contends that Appellee "was willing to enter into a quite favorable pretrial agreement (PTA) and plead guilty to the indecent assaults knowing that his sex offender registration question had gone unanswered."  However, the findings of fact from the DuBay hearing do not support this argument, as in context it is obvious that Appellee thought that he would not have to register.

15

plain error and will only dismiss the specification if there is prejudice. Id. at 34. In this case, we find error but no prejudice. See id. at 34-36.

During the plea colloquy, the military judge listed and defined clauses 1 and 2 of the terminal element for Specification 4 under Charge V, and Appellee described his actions and explained why his conduct was service discrediting and prejudicial to good order and discipline. Thus, the record unambiguously reflects that Appellee "knew under what clause[s] he was pleading guilty and clearly understood the nature of the prohibited conduct as being in violation of clause[s 1 and] 2, Article 134." Id. at 35 (quotation marks and citations omitted). As a result, there was no prejudice to Appellee's substantial rights.

## IV. CONCLUSION

The certified question is answered in the negative. Under the granted issue, we hold that there was error but no prejudice to Appellee's substantial rights. We affirm the decision and order of the United States Air Force Court of Criminal Appeals, setting aside the findings of guilty to Specifications 1, 2, and 3 under Charge V and the sentence, affirming the remaining findings of guilty, and authorizing a rehearing. The record of trial is returned to the Judge Advocate General of the Air Force

16

for remand to an appropriate convening authority for further proceedings.