**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class RYAN O. KINSLEY**
**United States Air Force**

**ACM S32135**

**19 May 2014**

Sentence adjudged 1 April 2013 by SPCM convened at Whiteman Air Force Base, Missouri. Military Judge: Mark L. Allred (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 90 days, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Erika L. Sleger; and Major Warren; and Gerald R. Bruce, Esquire.

Before

ROAN, HELGET, and WEBER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of one specification of larceny of private property of a value more than $500, in violation of Article 121, UCMJ, 10 U.S.C. § 921. The appellant was sentenced to a bad-conduct discharge, confinement for 90 days, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E-1. The convening authority approved the adjudged sentence.

Before this Court, the appellant asserts that his trial defense counsel provided ineffective assistance of counsel when he failed to object to the lack of foundation for

Prosecution Exhibit 8. Finding no error that materially prejudices a substantial right of the appellant, we affirm.

*Background*

In February 2012, the appellant was elected treasurer of the 509th Maintenance Squadron (MXS) Booster Club at Whiteman Air Force Base, Missouri. In March 2012, he received a debit card that was linked to the 509th MXS Booster Club checking account with UMB Bank. The debit card was supposed to be used by the appellant to make purchases on the behalf of booster club activities.

During the providence inquiry, the appellant testified that beginning in June 2012, he started using the booster club debit card for his own personal use due to his own financial hardship. Thereafter, from July to December 2012, he used the debit card for his own personal use on a regular basis. He admitted that between 11 June and 3 December 2012, he spent approximately $3,500 of the booster club's money for personal purchases. In total, the appellant admitted that he used the debit card on 55 to 60 separate occasions for food, clothing, and cigarettes, and made purchases in four different states. He specifically denied making personal purchases with any cash that he withdrew.

*Ineffective Assistance of Counsel*

The appellant contends that his trial defense counsel provided ineffective assistance of counsel when he failed to object, on the basis of foundation, to the admissibility of various checking account withdrawal slips from UMB Bank.

During sentencing, the Government offered into evidence Prosecution Exhibit 8 for identification. Prosecution Exhibit 8 was an eight-page document of various checking account withdrawal slips from UMB Bank, totaling $1,650, reflecting withdrawals the appellant made at various times during the charged timeframe. Trial defense counsel initially objected based on relevance. The military judge asked the Government if Prosecution Exhibit 8 consisted of charged misconduct to which the appellant had not admitted guilt, or was uncharged misconduct. The Government indicated the exhibit was part of the charged misconduct but reflected actions the appellant had not admitted to during the providence inquiry. The military judge initially sustained trial defense counsel's objection subject to the Government laying a proper foundation and explaining further the relevance of the exhibit.

The Government called Staff Sergeant (SSgt) CP, who was the lead Security Forces Investigator assigned to the appellant's case. During his interview with the appellant, SSgt CP discussed Prosecution Exhibit 8. The appellant told SSgt CP the withdrawals were all for squadron-related purchases. Concerning pages 7 and 8 of

Prosecution Exhibit 8, which showed two withdrawals on 5 and 6 December 2012 totaling $470, the appellant indicated this money was going to be used to refund various items purchased for an upcoming Christmas party. During a subsequent search of the appellant's apartment, the money was found in his bedroom. The Government also called SSgt JH, the Booster Club's President, who testified that there were no major events around the timeframe of the cash withdrawals and he was unaware of any reason why the appellant would be withdrawing the money.

At the conclusion of this testimony, the Government re-offered Prosecution Exhibit 8 and the trial defense counsel again objected based on relevance. The military judge found the exhibit to be relevant and, without an objection on any foundational basis, admitted the exhibit.

The appellant's contention is that the admission of Prosecution Exhibit 8 essentially made him appear to be untruthful concerning his statement made during the providency inquiry that he did not use the money from the cash withdrawals for his own personal use.

On appeal, the Government submitted the post-trial declaration of the appellant's trial defense counsel, Captain (Capt) IK. According to Capt IK, he chose not to object to the admissibility of Prosecution Exhibit 8 on the basis of foundation because he was aware prior to trial that the Government intended to call the records custodian at UMB Bank as a witness in order to lay the proper foundation for the cash withdrawals. Had the trial defense counsel lodged such an objection, the Government would have produced the records custodian and laid the proper foundation. In this judge alone trial, the trial defense counsel felt this would have been a waste of the court's time and not in the best interests of the appellant.

We review de novo claims of ineffective assistance of counsel. *United States v. Sales*, 56 M.J. 255, 258 (C.A.A.F. 2002). Service members have a fundamental right to the effective assistance of counsel at trial by courts-martial. *United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (citing *Missouri v. Frye*, 566 U.S. __, __, 132 S. Ct. 1399, 1405 (2012); *Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 364-65 (2010)). To establish ineffective assistance of counsel, the appellant "must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009)). In evaluating trial defense counsel's performance under the first *Strickland* prong, appellate courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688-89. The appellant must establish that the

"representation amounted to incompetence under 'prevailing professional norms.'" *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 690). Where, as here, an appellant attacks the trial strategy or tactics of the defense counsel, the appellant must show specific defects in counsel's performance that were unreasonable "under prevailing professional norms." *United States v. Perez*, 64 M.J. 239, 243 (C.A.A.F. 2006). In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

We apply a three-part test to determine whether an appellant has demonstrated ineffective assistance of counsel:

1. Are the allegations made by appellant true; and, if they are, is there a reasonable explanation for counsel's actions?

2. If they are true, did the level of advocacy fall measurably below the performance ordinarily expected of fallible lawyers?

3. If ineffective assistance of counsel is found to exist, is there a reasonable probability that, absent the errors, [there would have been a different result]?

*United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991) (internal quotation marks, alterations, and citations omitted).

We find that the appellant has failed to show that his trial defense counsel provided ineffective assistance of counsel. Capt IK's decision not to object to the admissibility of Prosecution Exhibit 8 based on foundation was reasonable, as the Government was prepared and would have been able to the lay the proper foundation had he objected on those grounds. Capt IK's strategy to instead attack the admissibility of Prosecution Exhibit 8 based on relevance was likewise a sound strategy which we will not second guess. Further, even if the appellant could show that his trial defense counsel's representation was deficient, the appellant has failed to show he was prejudiced by the deficiency. Had Prosecution Exhibit 8 not been admitted, the Government still produced Prosecution Exhibit 6, which was a spreadsheet prepared by SSgt CP of all the transactions made by the appellant, including the cash withdrawals contained in Prosecution Exhibit 8. Additionally, SSgt CP had the appellant specifically indicate on Prosecution Exhibit 6 the purpose of each cash withdrawal. Accordingly, the military judge would have been able to consider the same evidence even if Prosecution Exhibit 8 had not been admitted. Further, the military judge specifically stated, "the court will not

be punishing the [appellant] for any uncharged misconduct to the extent that he might have been guilty of lies or false official statements. I won't consider it for that purpose."

Applying the *Strickland* test, the appellant has failed to show either that his trial defense counsel were deficient, or that any deficiency resulted in prejudice. Accordingly, we find the appellant's trial defense counsel was not ineffective.

Finally, we have considered the principles of *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), and have determined that we do not need to order an evidentiary hearing as we can decide any factual dispute without further fact finding.

## Conclusion

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence, are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32135