# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before
J.A. FISCHER, R.Q. WARD, K.M. MCDONALD
Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**ERIK J. ELLIS
STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201200406
SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 24 May 2012.
**Military Judge:** LtCol Robert Palmer, USMC.
**Convening Authority:** Commanding Officer, 4th Marine Corps District, New Cumberland, PA.
**Staff Judge Advocate's Recommendation:** Maj S.D. Manning, USMC.
**For Appellant:** LT Carrie Theis, JAGC, USN.
**For Appellee:** LT James Belforti, JAGC, USN.

**26 November 2014**

---

## OPINION OF THE COURT

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant pursuant to his pleas of two specifications each of violating a lawful general order and sodomy, in violation of Articles 92 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 925. The military judge sentenced the appellant to confinement for six months, reduction to pay grade E-1, forfeiture of $950.00 pay per month for six

months, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged and, except for the discharge, ordered it executed.  A pretrial agreement had no effect on the sentence.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

This case is before us upon remand by the United States Court of Appeals for the Armed Forces (CAAF).  In his original appeal, the appellant argued that comments by the military judge after the appellant's trial displayed an inflexible attitude toward sentencing and as a result the military judge was disqualified to preside at the appellant's trial.[1]  As part of his argument the appellant contended that the military judge was subject to unlawful command influence.  He urged us to either remand his case for a rehearing on sentence or approve a sentence no greater that that requested by his trial defense counsel, four months' confinement.  Appellant's Brief of 29 Nov 2012 at 10-11.

In our earlier opinion, we found no evidence of actual bias; however, we found that "a reasonable person . . . may conclude that [the judge's comments] reveal a bias since the comments depart markedly from the neutral and detached posture that trial judges must always maintain."  *United States v. Ellis*, No. 201200406, 2013 CCA LEXIS 115 (N.M.Ct.Crim.App. 21 Feb 2013) (*per curiam*).  We affirmed the findings and sentence after failing to find structural error, or any prejudicial error under Article 59(a), UCMJ and *Liljeberg v Health Services Acquisition Corp.*, 485 U.S. 847 (1988), and found no evidence of unlawful command influence.

The Court of Appeals for the Armed Forces (CAAF) later set aside our decision, and returned the case to the Judge Advocate General of the Navy for remand to this court for further

_____

[1] The military judge sentenced the appellant on 24 May 2012 approximately one month before he made his remarks to a group of junior officers in a professional military education lecture.  For more on the subject of the military judge's remarks, *see United States v. Kish*, No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014).

2

consideration in light of our decision in *United States v. Kish*.[2] In his current appeal, the appellant has essentially reframed his original assignment of error, contending that he was deprived of his constitutional right to an impartial judge.

Specifically, he argues that we erred in *Kish* by concluding that the military judge's comments did not reflect an actual bias. Rather, he argues, these comments and related conduct reflect evidence of the military judge's animosity toward all military accused and, coupled with the close proximity of his remarks to the appellant's trial, "are sufficient to show actual bias." Appellant's Brief of 3 Jul 2014 at 16. He also cites his sentence of six months' confinement and a bad-conduct discharge as further evidence of actual and apparent bias. *Id*. at 17-22. We disagree.

## Disqualification of Military Judge

"'An accused has the right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). There is a "strong presumption that a [military] judge is impartial." *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001). We review whether a military judge has acted appropriately *de novo*.[3]

While Rule for Courts-Martial 902(b), Manual for Courts-Martial, United States (2012 ed.) lists various circumstances where actual

---

[2] In *Kish*, CAAF ordered a hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967) to "make findings of fact and conclusions of law related to what, if any, statements the military judge made on or about June 21, 2012 at a Professional Military Education meeting with junior officers regarding the practice of military justice." *United States v. Kish*, 72 M.J. 158, 158 (C.A.A.F. 2013) (summary disposition). Following the *DuBay* hearing and based on the context of the military judge's statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358 at *38, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014). We further concluded that the military judge was not actually biased against accused service members within the meaning of Rule for Courts-Martial 902(b), Manual for Courts-Martial, United States (2012 ed.). *Id*. at *38-39. We adopt our findings of fact and conclusions from our 17 June 2014 *Kish* opinion for purposes of this appeal.

[3] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim).

3

bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla*, 56 M.J. at 45 (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

In his current appeal, the appellant alleges both actual and apparent bias. We previously concluded in *Kish* that the military judge's PME statements do not support a finding of actual bias, and the appellant here has made no showing that the military judge had a personal bias or prejudice concerning him or his case. Consequently, we disagree with the appellant's current complaint of actual bias and instead we examine the issue of apparent bias.

The test we apply in this regard is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez*, 70 M.J. at 157 (citation and internal quotation marks omitted). This test may be met when there is "'any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id*. at 158-59 (quoting *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982)).

We first examine the temporal relationship between the military judge's PME comments and the appellant's trial, as he urges us to do. We find the mere proximity alone insufficient for a finding of apparent bias. Absent any aspect of the court-martial itself that would lead a reasonable person to question whether the military judge's PME comments were in fact reflective of a personal bias, we find the proximity in time insufficient to establish apparent bias.

Other than the appellant's sentence, the appellant cites to nothing in the record of his trial that would suggest impartiality by the military judge, and we find none. The military judge conducted an appropriate providence inquiry, entered findings consistent with the appellant's pleas, ruled reasonably on objections raised by both sides during the sentencing proceeding, and adjudged a sentence well-within a

4

reasonable range under the facts of the appellant's case.[4]  Thus, in this case, the effect of the military judge's unrelated PME comments nearly a month after trial is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity.  Art.59(a), UCMJ; *Liljeberg,* 486 U.S. at 860.  Accordingly, we find no apparent bias.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

---

[4] The appellant, a 36-year-old Marine recruiter assigned to rural Virginia, engaged in a sexual relationship with a 21-year-old recruit applicant, LR, who he had recently contracted into the Marine Corps Delayed Entry Program. Approximately one year later, after LR had shipped to recruit training, the appellant contracted LR's younger sister, AR, then 17 years old.  Like her older sister, the appellant engaged in a sexual relationship with AR until she left for recruit training.  We note that the military judge's sentence of six months' confinement was less than both the ten months requested by the trial counsel and the eight month sentence limitation the appellant's bargained for in his pretrial agreement.