# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

**No. 201700014**

———————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**DAKOTA S. TOTH**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major M.D. Sameit, USMC.
Convening Authority: Commanding Officer, Marine Corps
Communication Electronics School, Twentynine Palms, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel
Michael E. Sayegh, USMC.
For Appellant: Commander Suzanne M. Lachelier, JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC,
USN; Lieutenant George R. Lewis, JAGC, USN.

———————————————

Decided 28 February 2018

———————————————

Before GLASER-ALLEN, HUTCHISON, and FULTON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

FULTON, Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of two specifications of attempted sexual abuse of a

child in violation of Article 80, Uniform Code of Military Justice (UCMJ).[1] The military judge sentenced the appellant to eight months' confinement and a bad-conduct discharge. The convening authority approved the sentence and, in accordance with a pretrial agreement (PTA), suspended confinement in excess of six months.

The appellant raises two assignments of error. First, he alleges that his guilty pleas were not knowingly made because he was erroneously advised that he would not have to register as a sex offender. Second, he alleges that his trial defense counsel (TDC) was ineffective because the TDC erroneously advised him that he would not have to register as a sex offender. We find that no error materially prejudiced the appellant's substantial rights, and we affirm.

## I. BACKGROUND

Using the social media application, "Kik," the appellant sent pictures of his penis to and communicated indecently with a person he believed to be a 14-year-old girl.

The appellant pleaded guilty in accordance with a pretrial agreement. The agreement included an acknowledgement that the appellant's defense counsel had advised the appellant that, as a result of his pleas, he may be required to register as a sexual offender in any state in which he is domiciled. During the plea colloquy, the military judge, the appellant, and the TDC discussed collateral consequences of the appellant's guilty pleas, including the possibility that the appellant would have to register as a sexual offender. The military judge asked the TDC if he had advised the appellant of the sexual offender registration requirements in New Jersey, where the appellant wanted to live after completing confinement. The TDC told the military judge that he had spoken with the district attorney and the public defender in Middlesex County, New Jersey, and learned that the appellant would "probably not" have to register.[2] The military judge told the appellant that "sex offender registration laws can and do change, so just because you don't have to register now in New Jersey does not mean you might not have to register sometime in the future."[3] The military judge added, ". . . New Jersey could change their law on this and this may become a registerable offense. . . . Considering the possible effects of the registration laws, do you still want to plead guilty?"[4] The appellant said that he did.

---

[1] 10 U.S.C. § 880.

[2] Record at 28.

[3] *Id.* at 28-29.

[4] *Id.* at 29.

We granted the appellant's motion to attach a document in which the appellant is purportedly informed by a New Jersey law enforcement official following his release from confinement and return to New Jersey that he must register as a sexual offender.

## II. DISCUSSION

### A. Voluntariness of guilty pleas

The appellant alleges that his pleas were not voluntary because they were not made knowingly. We disagree.

A guilty plea must be both knowing and voluntary.[5] The providence of a plea is based both on the accused's understanding and recitation of the factual history of the offense and on an understanding of how the law relates to those facts.[6] A guilty plea must be made with a sufficient awareness of the relevant circumstances and the plea's likely consequences.[7]

We find that the appellant was sufficiently aware of the potential for sexual-offender registration. The TDC expressed the view that the appellant would "probably not" have to register, which necessarily left open the chance that the appellant *would* have to. Taken together, the appellant's colloquy with the military judge, the notification language in the pretrial agreement, and the advice of the TDC put the appellant on notice that sexual offender registration was a possible consequence of his pleas, even if he and his lawyer thought it unlikely. We therefore find this assignment of error without merit.

### B. Ineffective assistance of counsel

The appellant alleges that the TDC was ineffective because he told the appellant that his pleas of guilty would not result in his being required to register as a sexual offender. We disagree.

The Sixth Amendment entitles criminal defendants to representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms."[8] The Sixth Amendment right to effective assistance of counsel at trials by court-martial is a fundamental right of service members.[9]

---

[5] *See United States v. Care*, 40 C.M.R. 247, 250-51 (C.M.A. 1969).

[6] *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008).

[7] *See Brady v. United States*, 397 U.S. 742, 748 (1970).

[8] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[9] *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000).

We apply the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*[10] to determine whether counsel rendered ineffective representation. To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel's performance was deficient, and that this deficiency resulted in prejudice.[11] The burden on each prong rests with the appellant challenging his counsel's performance.[12]

The first prong requires the appellant to show that counsel's performance fell below an objective standard of reasonableness, indicating that counsel was not functioning as counsel within the meaning of the Sixth Amendment.[13] Our review of counsel's performance is highly deferential and is buttressed by a strong presumption that counsel provided adequate representation.[14]

The second prong requires a showing of prejudice resulting from counsel's deficient performance.[15] Such prejudice must result in the denial "of a fair trial, a trial whose result is unreliable."[16] The appropriate test for this prejudice is whether there is a reasonable probability that, but for counsel's error, there would have been a different result.[17]

We find that the appellant's counsel was not deficient, and that the appellant therefore does not satisfy this first prong of *Strickland*. In *United States v. Miller*, the Court of Appeals for the Armed Forces (CAAF) examined whether a TDC's failure to inform a client that if he pleaded guilty he would have to register as a sexual offender violated *Strickland*'s first prong.[18] The CAAF observed that, "[g]iven the plethora of sexual offender registration laws enacted in each state, it is not necessary for trial defense counsel to become knowledgeable about the sex offender registration statutes of every state."[19] TDCs are required, however, to advise their clients of the contents of

---

[10] *See Strickland*, 466 U.S. at 687 (1984).

[11] *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687) (additional citation omitted).

[12] *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005).

[13] *United States v. Terlep*, 57 M.J. 344, 349 (C.A.A.F. 2002).

[14] *United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

[15] *Strickland*, 466 U.S. at 687.

[16] *United States v. Dewrell*, 55 M.J. 131, 133 (C.A.A.F. 2001) (citation and internal quotation marks omitted).

[17] *United States v. Quick*, 59 M.J. 383, 387 (C.A.A.F. 2004).

[18] 63 M.J. 452, 458-59 (C.A.A.F. 2006).

[19] *Id.* at 459.

the relevant Department of Defense (DoD) instruction, which identifies those offenses that trigger mandatory sex offender reporting.[20]

Here, the TDC did affirmatively advise the appellant regarding sexual offender registration requirements pursuant to the DoD instruction and, although not required, took additional steps to determine how New Jersey law would affect the appellant after his release. Talking to the district attorney and public defender in Middlesex County, New Jersey is a reasonable way to learn about registration requirements. We cannot explain why there is a discrepancy—if in fact there is one—between what the TDC was told and what that the appellant was told upon his release. We are certain, however, that the appellant was informed that registration was a possible consequence of his guilty plea. This is amply demonstrated in his PTA and in the colloquy between the appellant and the military judge.

The appellant argues that the TDC's performance should be found deficient under *United States v. Rose*.[21] In *Rose*, the appellant asked his TDC whether he would have to register as a sexual offender if he pleaded guilty—a matter his counsel knew to be a "key concern" of that appellant.[22] The TDC in *Rose* failed to investigate whether his client would have to register, even though the appellant in that case stated definitively before trial that he did not want to plead guilty if doing so would mean he would have to register.[23]

In this case, the TDC did provide the appellant with information about the possibility that he would have to register as a sexual offender. He was advised that he was "entering a plea of guilty to an offense requiring sex offender registration processing" under the relevant DoD instruction.[24] And when informed that New Jersey law might at some point require him to register as a sexual offender, the appellant stated that he wanted to plead guilty anyway. We find *Rose* inapposite.

Because the TDC's performance was not deficient, this assignment of error lacks merit.

---

[20] *See id.*

[21] 71 M.J. 138 (C.A.A.F. 2012).

[22] *Id.* at 143.

[23] *Id.* at 142.

[24] Appellate Exhibit I at ¶ 12b.

## III. CONCLUSION

The findings and sentence as approved by the convening authority are affirmed.

Chief Judge GLASER-ALLEN and Senior Judge HUTCHISON concur.

For the Court

R.H. TROIDL
Clerk of Court