UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Chief Warrant Officer Two ANTONIO BURNETT
 United States Army, Appellant

 ARMY 20070733

 21st Theater Sustainment Command
 James L. Pohl, Edward J. O’Brien, and Reynold P. Masterson Military Judges
 Lieutenant Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain Nathan J.
Bankson, JA (on brief).

For Appellee: Major Elizabeth G. Marotta, JA; Captain Michael C. Friess,
JA; Captain Jaired D. Stallard, JA (on brief).

 28 August 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. We agree with both
parties that the holding in United States v. Lopez de Victoria applies to
Specification 2 of Charge II (a violation of Article 134, UCMJ, indecent
acts with child). 66 M.J. 67, 74 (C.A.A.F. 2008) (“[D]eclining to extend
the reach of the 2003 amendment to Article 43, UCMJ, to cases which arose
prior to the amendment of the statute.”). We disagree with appellant that
a sentence rehearing is required.

 In light of our decision to set aside and dismiss Specification 2 of
Charge II and Charge II, we must now reassess appellant’s sentence. “[I]f
the court can determine to its satisfaction that, absent any error, the
sentence adjudged would have been of at least a certain severity, [then] a
sentence of that severity or less will be free of the prejudicial effects
of error . . . .” United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F. 2006)
(quotation marks and citation omitted); see also United States v. Sales, 22
M.J. 305, 307 (C.M.A. 1986). In curing errors through reassessment, we
must assure that the sentence is “equal to or no greater than a sentence
that would have been imposed if there had been no error.” Id. (citing
Sales, 22 M.J. at 308); see also United States v. Buber, 62 M.J. 476, 477
(C.A.A.F. 2006). If we can “reliably determine what sentence would have
been imposed at the trial level if the error had not occurred,” we need not
order a rehearing on the sentence. Sales, 22 M.J. at 307.

 Under the circumstances of this case, we are confident a rehearing is
not necessary. Significantly, we note there was no “relative change in
sentencing landscape.” Moffeit, 63 M.J. at 43 (Baker, J., concurring); see
also Buber, 62 M.J. 476. The maximum possible punishment has not changed
and appellant’s remaining offense (rape of a minor) and the aggravating
circumstances related to that offense remain largely unaffected. Moreover,
the military judge sentenced appellant to a dismissal, confinement for
twenty-five years, and forfeiture of all pay and allowances—a sentence well
below the authorized maximum punishment of life without the possibility of
parole. Finally, we note appellant’s pretrial agreement limited his
sentence to confinement to fourteen years. We are, therefore, confident
the military judge would have imposed and the convening authority would
have approved a sentence of the same magnitude had appellant not been
convicted of indecent acts with a child.

 DECISION

 Considering the nature of the remaining finding of guilty, the
sentence adjudged at trial, and the benefit appellant received from his
pretrial agreement, we are satisfied appellant was not prejudiced as to the
sentence, and “we perceive no reasonable possibility of benefit to
[appellant] by remand of the record . . . for reassessment of the
sentence.” United States v. Sims, 57 M.J. 419, 422 (C.A.A.F. 2002)
(citation omitted).

 The findings of guilty of Specification 2 of Charge II and of Charge
II are set aside and dismissed. The remaining finding of guilty is
affirmed. Reassessing the sentence on the basis of the error noted, the
entire record, and applying the principles of Moffeit, 63 M.J. at 40, 42-44
and Sales, 22 M.J. at 305, to include those principles identified by Judge
Baker in his concurring opinion, the court affirms the sentence as approved
by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court