UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOFFMAN, CARLTON and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant TROY D. GADDIS
 United States Army, Appellant

 ARMY 20080150

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Patrick Parrish, Military Judge (arraignment)
 Tara Osborne, Military Judge (trial)
 Colonel Thomas E. Ayers, Staff Judge Advocate

For Appellant: Lieutenant Colonel D. Linden Barber, JA (argued); Colonel
Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace
Gallagher, JA; Lieutenant Colonel D. Linden Barber, JA (on brief).

For Appellee: Captain Christopher B. Witwer, JA (argued); Colonel Norman
F. J. Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major
Christopher B. Burgess, JA; Lieutenant Colonel Damon A. King, JA (on
brief).

 31 March 2010

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------
Per Curiam:

 Statute of Limitations

 In Specification 1 of Charge II, appellant was charged with having
committed an indecent act on or about 1 November 2002 and 15 January 2003.
The evidence adduced at trial, however, indicates that the indecent act
occurred on or about November or December 2001. Thus, the act occurred
more than five years prior to the receipt of sworn charges and
specifications by an officer exercising summary court-martial jurisdiction
over the command. The November 2003 congressional amendment of Article 43,
Uniform Code of Military Justice, which extended the statute of limitations
for child abuse offenses from five years to a child victim's twenty-fifth
birthday, does not apply retroactively to cases, which arose prior to the
amendment. United States v. Lopez de Victoria, 66 M.J. 67 (C.A.A.F. 2008).
 Thus, we set aside and dismiss Specification 1 of Charge II.

 Abuse of Discretion

 Appellant asserts, among other assignments of error, that the
military judge “committed plain error” by excluding evidence under Military
Rule of Evidence 412. We review a military judge’s decision to admit or
exclude evidence for an abuse of discretion. United States v. Banker, 60
M.J. 216, 223 (C.A.A.F. 2004); United States v.Clayton, 67 M.J. 283, 286
(C.A.A.F. 2009). We applied the abuse of discretion standard to the issue
at bar, and we find that the military judge did not abuse her discretion.

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. The finding of guilty to Specification 1 of
Charge II is set aside and dismissed with prejudice. The remaining
findings are affirmed. In view of our corrective action on findings, we
have reassessed the sentence in accordance with United States v. Sales, 22
M.J. 305, 307 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40, 43
(C.A.A.F. 2006) (Baker, J. concurring). We are satisfied that the
sentencing landscape in this case has not changed dramatically. United
States v. Buber, 62 M.J. 476, 479 (C.A.A.F. 2006). Appellant remains
convicted of sodomy with a child under age 12, which carries a potential
life sentence, as well as three other specifications of indecent acts with
a child (two of which were on divers occasions). After reviewing the
evidence presented on the merits and on sentencing, we conclude the
adjudged sentence for the affirmed offenses would have been at least the
same as that adjudged by the members and approved by the convening
authority. Id. at 478. The sentence is affirmed.

 FOR THE COURT:

 MARY B. CHAPMAN
 Acting Clerk of Court