UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant RAYMOND L. GIROUARD
 United States Army, Appellant

 ARMY 20070299

 Headquarters, 101st Airborne Division (Air Assault)
 Richard Anderson and Theodore Dixon, Military Judges
 Colonel Pamela M. Stahl, Staff Judge Advocate (pretrial)
 Colonel Peter M. Cullen, Staff Judge Advocate (post-trial)

For Appellant: Daniel Marino, Esquire (argued); Captain Candace White-
Halverson, JA; Tillman J. Finley, Esquire; Daniel Marino, Esquire (on reply
brief); Captain Candace White-Halverson; Daniel Marino, Esquire (on brief).

For Appellee: Major Adam S. Kazin, JA (argued); Lieutenant Colonel Francis
C. Kiley, JA; Major Lisa L. Gumbs, JA; Captain Michael G. Pond, JA (on
brief).

 23 May 2011

 -------------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 -------------------------------------------------------

Per Curiam:

 A panel of officer and enlisted members sitting as a general court-
martial convicted appellant, contrary to his pleas, of conspiracy to
obstruct justice, violating a lawful general order, obstruction of justice,
and negligent homicide (three specifications), in violation of Articles 81,
92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, and
934 [hereinafter UCMJ]. The adjudged sentence included a dishonorable
discharge, confinement for ten years, forfeiture of all pay and allowances,
and reduction to Private E1. Except for the forfeitures, the convening
authority approved the adjudged sentence and also credited appellant with
368 days of confinement against the approved confinement. On 23 April
2010, we affirmed the findings and sentence. On 14 April 2011, the United
States Court of Appeals for the Armed Forces (CAAF) reversed appellant’s
sentence and set aside the findings of guilty to Charge III and its
specifications, which pertained to negligent homicide. The CAAF affirmed
the remaining charges and specifications and remanded the case back to us
“for reassessment of the sentence, or, if necessary, for ordering a
rehearing on the sentence.”

 The sentencing landscape has changed dramatically and “[w]e conclude
the only fair course of action is a sentencing rehearing.” United States
v. Buber, 62 M.J. 476, 480 (C.A.A.F. 2006) (citations and quotations
omitted). A rehearing on the sentence may be ordered by the same or
different convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court