Judge KRAUSS,
dissenting from Part II:
I differ with my learned friends on the question of sentence. I cannot conclude with sufficient confidence that, absent the erroneous conviction for the offenses here alleged under Charge II, the sentence adjudged would have been of at least a certain severity. The particular circumstances of this case, rather, warrant a rehearing on sentence: Appellant here suffers a bad-conduct discharge and received time in confinement equal to the credit awarded for his time spent in pretrial confinement. Recognizing that appellant pled guilty to the two AWOL specifications alleged, considering the evidence in extenuation and mitigation as well as aggravation, and acknowledging the jurisdictional limit of the court-martial at hand, removing the more serious threat offenses from the judgment to be made convinces me that a rehearing on sentence is the better course. United States v. Sales, 22 M.J. 305 (C.M.A.1986); United States v. Moffeit, 63 M.J. 40 (C.A.A.F.2006). See also, e.g., United States v. Buber, 62 M.J. 476, 479 (C.A.A.F.2006).