# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**LEVON TYLER**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201200327**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 21 March 2012.
**Military Judge:** LtCol Robert Palmer, USMC.
**Convening Authority:** Commanding General, 2nd Marine Aircraft Wing, Cherry Point, NC.
**Staff Judge Advocate's Recommendation:** Col S.C. Newman, USMC .
**For Appellant:** LCDR Ryan Mattina, JAGC, USN; LT Carrie Theis, JAGC, USN.
**For Appellee:** LCDR Keith Lofland, JAGC, USN.

**11 December 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of officer and enlisted members convicted the appellant at a general court-martial, contrary to his pleas, of one specification of violating a lawful general order (Government travel charge card program regulation), 45 specifications of larceny, and one specification of stealing mail, in violation of Articles 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, and 934. The panel

sentenced the appellant to confinement for 10 months, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority approved the sentence as adjudged.

In his initial appeal, we reviewed the appellant's assignments of error[1] and, after considering the pleadings of the parties and the record of trial, we affirmed the findings of guilty and sentence.  This case is now before us again on remand for reconsideration in light of certain remarks made by the military judge approximately three months after the appellant's trial concluded.

After carefully considering the submissions of the parties and the record of trial, we conclude that following our corrective action the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

## Background

This is one of a number of cases concerning an allegation of judicial bias stemming from the military judge's remarks during a Professional Military Education (PME) lecture he gave to Marine student judge advocates on 21 June 2012.  In our earlier opinion, we found no evidence of actual bias, assumed apparent bias, and affirmed the findings and sentence after failing to find structural error or any prejudicial error under Article 59(a), UCMJ and *Liljeberg v Health Services Acquisition Corp.*, 485 U.S. 847 (1988).  *United States v. Tyler*, No.

---

[1] The appellant raised the following:

(1) The military judge's post-trial statements cast doubt upon the fairness and impartiality of the appellant's court-martial;

(2) The evidence is factually insufficient to sustain the appellant's convictions;

(3) The appellant's convictions for theft of a Government travel card and theft of mail are an unreasonable multiplication of charges; and

(4) The trial defense counsel was ineffective during trial on the merits and sentencing.

We adopt our analysis from our earlier decision and similarly find assignments of error (2) and (4) lacking merit and do not address them further.  *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992).  We also adopt our previous analysis of assignment of error (3) and our finding as to Specifications 41, 43, and 45, and after sentence reassessment provide relief in our decretal paragraph.

201200327, 2013 CCA LEXIS 232, unpublished op. (N.M.Ct.Crim.App. 21 Mar 2013). The appellant appealed our decision to the Court of Appeals for the Armed Forces (CAAF) solely on the allegation of judicial bias, and the CAAF granted review. *United States v. Tyler*, 72 M.J. 472 (C.A.A.F. 2013).

The CAAF later set aside our decision and returned the case to the Judge Advocate General of the Navy for remand to this court for further consideration in light of our decision in *United States v. Kish*.[2] *United States v. Tyler*, 73 M.J. 56 (C.A.A.F. 2013) (summary disposition). After reviewing the *DuBay* record in *Kish*, we concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358 at *38-39, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014). We further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Id.* We adopt and incorporate our findings of fact and conclusions from our decision in *Kish* for purposes of this appeal.

Citing actual and apparent bias from the military judge, the appellant argues in his current appeal that he was deprived of his constitutional right to an impartial judge. He urges us to set aside the guilty findings and sentence. Appellant's Supplemental Brief and Assignment of Error of 1 Aug 2014.

## Disqualification of Military Judge

"'An accused has the right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). There is a "strong presumption that a [military] judge is impartial." *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001). We review whether a military judge has acted appropriately *de novo*.[3]

---

[2] In *Kish*, the CAAF ordered a hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967), to "make findings of fact and conclusions of law related to what, if any, statements the military judge made on or about 21 June 2012 at a Professional Military Education meeting with junior officers regarding the practice of military justice." *United States v. Kish*, 72 M.J. 158, 158 (C.A.A.F. 2013) (summary disposition).

[3] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim).

While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla*, 56 M.J. at 45 (citing *Liljeberg*, 486 U.S. at 860).

We previously concluded in *Kish* that the military judge's PME statements did not support a finding of actual bias, and we are unpersuaded by the appellant's current attempt to draw a prejudicial nexus between his trial and the judge's PME comments. To the contrary, we find no evidence in the record that the military judge had a personal bias or prejudice concerning the appellant or his case.[4] We next turn our attention to the issue of apparent bias.

The test we apply for apparent bias is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez*, 70 M.J. at 157 (citation and internal quotation marks omitted). The test is met when there is "'any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id*. at 158-59 (quoting *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982)).

Examining these same matters in the context of apparent bias, we are unpersuaded that a reasonable observer aware of all the circumstances would question the military judge's impartiality at the appellant's trial. Despite the appellant's assertions, we do not find any action by the military judge during the appellant's trial that would reasonably call his impartiality into question. Unlike in *Kish*, the effect of the military judge's PME remarks is not compounded with anything at the appellant's trial that undermines public confidence in the

---

[4] The appellant cites to the military judge's comment in his written ruling that a series of defense pretrial motions "are nothing more than the defense protesting the Government holding the [appellant] accountable for his misconduct . . ." and "sour grapes". Appellant's Supplemental Brief at 16 (quoting Appellate Exhibit XI at 9). A fair read of the military judge's comment in the context of his ruling quickly belies his argument of bias. In addition, the appellant cites the military judge's excusal of a panel member due to actual bias. As we stated in our earlier opinion, we find the military judge's rulings legally correct and not indicative of any bias. *Tyler*, 2013 CCA LEXIS 232 at *13.

judicial system's integrity.  *Quintanilla*, 56 M.J. at 45.
Accordingly, we find no apparent bias.

### Conclusion

As we stated in our earlier decision, we note a difference between the evidence introduced at trial and the commencement date of the offenses as charged in Specifications 41, 43, and 45. Each of the specifications charged the commencement date of the offenses as "on or about 1 January 2009." The evidence at trial, however, indicated the items were stolen at a later date, but still within the time frame alleged.  Additionally, the findings of guilty as to Specification 44 under Charge I are set aside as unreasonably multiplied with the specification under Charge II.

The remaining findings are affirmed except that the following language is excepted and substituted as to Specifications 41, 43 and 45 of Charge I:

Specification 41: Except the language "on or about 1 January 2009" and substituting therefor the words "on or about May 2009."

Specification 43: Except the language "on or about 1 January 2009" and substituting therefor the words "on or about August 2009."

Specification 44: Except the language "on or about 1 January 2009 to on or about 30 June 2009" and substituting therefor the words "on or about June 2009."

After reassessing the sentence in accordance with the principles set forth in *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), *United States v. Cook*, 48 M.J. 434, 438, (C.A.A.F. 1998), and *United States v. Sales*, 22 M.J. 305, 307-09 (C.M.A. 1986), and finding that there has not been a dramatic change in the penalty landscape, *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006) the sentence as approved by the convening authority is affirmed.

For the Court


R.H. TROIDL
Clerk of Court

5