# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**RICHARD MARTINEZ, JR.**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201400327**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 8 May 2014.
**Military Judge:** Col J.K. Carberry, USMC.
**Convening Authority:** Commanding Officer, 3d Marine Regiment (REIN), 3d Marine Division (-)(REIN), MCBH, Kaneohe Bay, HI.
**Staff Judge Advocate's Recommendation:** Maj K.T. Carlisle, USMC.
**For Appellant:** LT Ryan Aikin, JAGC, USN.
**For Appellee:** CDR James E. Carsten, JAGC, USN.

**24 March 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial consisting of officer members convicted the appellant, contrary to his pleas, of two specifications of assault consummated by a battery and one specification of disorderly conduct in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. The members sentenced the appellant to reduction to pay

grade E-3, confinement for 136 days, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant now raises two assignments of error: (1) that his conviction for disorderly conduct is factually and legally insufficient because the Government failed to offer evidence of the terminal element; and (2) that his sentence to a bad-conduct discharge was inappropriately severe.

After carefully considering the parties' briefs and the record of trial, we set aside the findings as to the disorderly conduct offense and dismiss that charge and specification with prejudice. After taking corrective action we conclude the remaining findings and reassessed sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant and Petty Officer KE were involved in a romantic relationship from June 2013 until December 2013. In October 2013, the appellant moved into KE's base housing unit with KE and her four-year-old daughter, AE. On or about 2 November 2013, KE and the appellant mutually engaged in a round of domestic violence that resulted in KE's neighbors calling the police. On 22 December 2013, after AE had been put to bed, KE and the appellant began arguing again. Eventually, KE asked the appellant to leave her house; when the appellant refused, KE picked up her phone to call the Provost Marshal's Office (PMO). When she did so, the appellant took the phone away from her, which formed the basis for the disorderly conduct charge. Next, KE testified that the appellant grabbed her head with both of his hands and slammed her head into the wall.[1] The appellant claimed that KE was assaulting him and he put his hand on her neck to push her away. This action formed the basis for one of the battery convictions. KE testified that at a certain point "I was just crying and asking him to stop by just telling him

---

[1] The appellant was acquitted of this allegation.

that I wanted to go to bed. I just wanted it all to be over."[2] However, as the assault continued, KE testified that she screamed and the appellant "stuck his hand in my mouth."[3] This action formed the basis for the second battery conviction. When he did so, KE bit down on his thumb, causing it to bleed. KE testified that she then helped the appellant wash his hand because "[a]ll I could think about was getting him to calm down. I just wanted -- I did say, [l]et's just go to bed, just calm down. I don't – I'm not going to – I said I wasn't going to tell anybody that I just wanted to forget about it because I was scared. And he wouldn't stop. It just felt like this whole evening went on for hours, and I just wanted him to stop."[4] At that point, afraid that if she did not "it would escalate again," KE went upstairs and got into bed with the appellant.[5]

Shortly thereafter, a crying AE came towards KE's bedroom. KE got out of bed, took AE back to AE's bedroom, and lay down with AE. The appellant then came to AE's room and angrily demanded that KE return to her own bedroom. The appellant's renewed anger caused KE to grow concerned that the appellant "was not going to stop."[6] While the appellant went to the bathroom, KE returned to her bedroom and searched for her phone in order to call the PMO. She was unable to find her phone and the appellant reentered the bedroom. When he did so, KE said she was going to "make [AE] chocolate milk."[7] Instead, she took AE to the car and fled to the PMO. KE testified that she informed the officers that she was scared and that she "thought my boyfriend was going to kill me."[8]

An investigation ensued and resulted in charges being referred to special court martial. At the close of the

---

[2] Record at 98.

[3] *Id.* at 99.

[4] *Id.* at 120.

[5] *Id.* at 99, 120.

[6] *Id.* at 100.

[7] *Id.*

[8] *Id.* at 101.

3

Government's case in chief, the defense moved for a finding of not guilty to Additional Charge II and its sole specification (the disorderly conduct charge) under RULE FOR COURTS-MARTIAL 917, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  After permitting the parties to argue, the military judge stated: "The 917 is granted as to Additional Charge II and its sole specification."[9]  However, after trial counsel provided additional argument, the military judge stated, "[w]ell, viewing the evidence in the like [sic] most favorable to the government, the [917] motion is denied as to the specification and Additional Charge II."[10]  The appellant was then convicted on that charge.

## Discussion

Although the appellant does not raise the issue on appeal, we find the military judge clearly erred in reconsidering his ruling granting the motion for a finding of not guilty.  "A ruling granting a motion for a finding of not guilty is final when announced and may not be reconsidered."  R.C.M. 917(f).  In that the appellant was convicted on this charge, we find material prejudice and will set aside the appellant's disorderly conduct conviction.[11]

## Sentence Reassessment

Having dismissed the disorderly conduct charge, this court must next determine whether this action has resulted in a "'dramatic change in the penalty landscape' [which] gravitates away from the ability to reassess" the sentence. *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006) (quoting *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003)).  The appellant was convicted at a special court martial where his punitive exposure was limited to 12 months' confinement, reduction to pay grade E-1 and a bad-conduct discharge.  The dismissal of one of the three charges of which he was convicted does not lower that exposure.  Additionally, while we have taken note of the appellant's lengthy service, to include service in combat, we also note the appellant had received nonjudicial

---

[9] *Id. at* 128.

[10] *Id. at* 130.

[11] This action moots the appellant's first assignment of error.

punishment for driving under the influence a short time prior to the charged misconduct, a fact the Government relied upon heavily to argue for the bad-conduct discharge. Applying the analysis set forth in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), and after carefully considering the entire record, we conclude that there has not been a dramatic change in the penalty landscape and are confident that the members would have adjudged, and the CA would have approved, a sentence at least as severe as was awarded even absent the disorderly conduct charge. Art. 66(c), UCMJ; *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *Sales*, 22 M.J. at 308.

## Conclusion

The findings of guilty to Additional Charge II and its sole specification are set aside and Additional Charge II and its specification are dismissed with prejudice. The remaining findings are affirmed. The sentence as reassessed is affirmed.[12]

For the Court

R.H. TROIDL
Clerk of Court

---

[12] In light of our sentence reassessment, we have considered the appellant's second assignment of error and find no error. *United States v. Clifton*, 35 M.J. 79, 81 (C.M.A. 1992).