# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, J.A. FISCHER, A.Y. MARKS**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### STEVEN A. TRUSTY
### AVIATION MACHINIST'S MATE SECOND CLASS (E-5), U.S. NAVY

### NMCCA 201500079
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 27 October 2014.
**Military Judge:** CAPT Robert S. Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** LT Jessica L. Ford, JAGC, USN; Capt Daniel Douglass, USMC.
**For Appellee:** Mr. Brian K. Keller, Esq.

**28 July 2015**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

At a general court-martial, a military judge found the appellant guilty, pursuant to his pleas, of the following: one specification of attempted indecent act and three specifications of attempted abusive sexual contact in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880; one specification of indecent liberty with a child and one specification of abusive sexual contact with a child in

violation of Article 120 (2007 to 2012 version), UCMJ, 10 U.S.C. § 920; one specification of abusive sexual contact in violation of the current version of Article 120, UCMJ, 10 U.S.C. § 920; and three specifications of assault consummated by battery of a child in violation of Article 128, UCMJ, 10 U.S.C. § 928. The military judge sentenced the appellant to confinement for a period of 30 months, total forfeiture of pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority reduced the dishonorable discharge to a bad-conduct discharge and otherwise approved the adjudged sentence but suspended all confinement in excess of 24 months.

Although this case comes to us without assignment of error, we find the appellant's plea to one of the attempted abusive sexual contact specifications——Specification 4 of Charge I—— improvident. We take corrective action in our decretal paragraph. Arts. 59(a) and 66(c), UCMJ.

## Background

During three different time periods, the appellant sexually abused three of his daughter's friends, two of whom were under 16 years of age at the time and one of whom was 16. These incidents included, *inter alia*: requesting a child to send him photographs of her breasts and vagina; without consent, rubbing his clothed but erect penis on a 16-year-old's body and attempting to kiss her on the mouth and fondle her breasts; lifting a 13-year-old, wrapping her legs around him, and backing her against a wall while pressing her groin and chest against him; and entering a bathroom occupied by a child, exposing his penis, directing her to "get on all fours and suck my dick,"[1] then grabbing her head and forcing it toward his penis.

In addition to these offenses, the military judge accepted the appellant's plea of guilty to a specification of attempted abusive sexual contact by attempting to kiss T.S., a 16-year-old, on the mouth without her consent. The factual predicate for this plea, both in the stipulation of fact and during the providence inquiry, succinctly amounted to this: after giving T.S. a ride to her boyfriend's house, the appellant asked for and received a kiss on the cheek. The appellant then asked for another kiss, this time pointing to his lips. T.S. declined.

---

[1] Prosecution Exhibit 1 at 5.

**Analysis**

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). An appellate court will set aside a decision to accept a guilty plea only where it finds a substantial basis in law or fact for questioning the plea. *Id.* The record must contain a sufficient factual basis to support a guilty plea. RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.); *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

The elements of attempted abusive sexual contact are: (1) the appellant did a certain overt act; (2) the act was done with the specific intent to commit abusive sexual contact; (3) the act amounted to more than mere preparation; and (4) the act apparently tended to effect the commission of the intended offense. MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 4b (2012 ed.).

The elements of the intended offense, abusive sexual contact, as charged, are: (1) the appellant engaged in sexual contact with T.S.; and (2) the appellant did so by causing bodily harm to T.S. Art. 120(d), UCMJ; Charge Sheet.

The record fails to establish a sufficient factual basis that the appellant in this instance specifically intended the second element of the target offense, that is, to kiss T.S. on the mouth *by causing her bodily harm*. While the appellant intonated that element[2] as well as the others, the record as a whole only supports that the appellant attempted this by *asking* her to do so and then accepted her negative reply. The record provides no foundation for how the requested kiss would have violated Article 120 *had she agreed*.

We find this to be a substantial basis in fact for questioning the plea and that the military judge accordingly abused his discretion in accepting it. The finding of guilty to Specification 4 of Charge I is set aside.

**Sentence Reassessment**

We find we can reassess the sentence in accordance with the principles set forth in *United States v. Moffeit,* 63 M.J. 40

---

[2] "I attempted to kiss on the mouth T.S., 16-year-old, without her consent." Record at 245.

(C.A.A.F. 2006), *United States v. Cook,* 48 M.J. 434 (C.A.A.F. 1998), and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). Our action has not dramatically changed the sentencing landscape in this case. *See United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006). The set-aside specification was far eclipsed by the egregious misconduct captured in the remaining specifications. We therefore conclude with confidence that the adjudged sentence for the remaining offenses would have been at least the same as that adjudged by the military judge and approved by the convening authority.

## Conclusion

Accordingly, we affirm the remaining findings and the sentence as approved by the convening authority.


For the Court



R.H. TROIDL
Clerk of Court