# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**UNITED STATES**

**v.**

**Senior Airman PATRICK A. SHEA**
**United States Air Force**

**ACM S32225 (rem)**

**6 May 2016**

Sentence adjudged 26 February 2014 by SPCM convened at Scott Air Force Base, Illinois. Military Judge: Joshua E. Kastenberg (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 4 months, reduction to E-1, and a reprimand.

Appellate Counsel for Appellant: Colonel Randall G. Snow and Major Isaac C. Kennen.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez; Major Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

Appellant was convicted, in accordance with his pleas, by a military judge sitting alone, of one specification of disobeying a superior commissioned officer and two specifications of assault consummated by a battery, in violation of Articles 90 and 128, UCMJ, 10 U.S.C. §§ 890, 928. He was also convicted, contrary to his pleas, of one

specification of assault consummated by a battery and one specification of communicating a threat, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934.

The court sentenced Appellant to a bad-conduct discharge, 4 months of confinement, forfeiture of $750.00 pay per month for 4 months, reduction to E-1, and a reprimand. The convening authority approved the bad-conduct discharge, confinement, reduction, and reprimand. The convening authority did not approve the adjudged forfeitures and waived the mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b, for the benefit of the Appellant's dependent spouse and children.

On appeal, Appellant argued that the Government failed to disclose certain statements in the victim's medical records that were favorable to the Defense. On 21 May 2015, this court issued a decision setting aside the conviction concerning Specification 3 of Charge I and reassessing the sentence. *United States v. Shea*, ACM S32225 (A.F. Ct. Crim. App. 21 May 2015) (unpub. op.).

Appellant then filed a petition for review with the Court of Appeals for the Armed Forces. On 22 September 2015, our superior court granted review on the issue of whether this court erred in reassessing Appellant's sentence to the sentence adjudged by the court-martial (which included forfeitures of pay), rather than the sentence approved by the convening authority (which did not include forfeitures of pay). *United States v. Shea*, 75 M.J. 49 (C.A.A.F. 2015) (mem.). Our superior court affirmed our decision as to findings, reversed as to sentence, and remanded the case for sentence reassessment based on the affirmed findings of guilt. *Id.*[1]

*Background*

The charges in this case arose out of an abusive relationship between Appellant and his wife. Appellant was arrested in November 2013 after striking his wife and brandishing a knife during an argument. For this incident, Appellant was found guilty of assault consummated by a battery and communicating a threat.

In addition to the November 2013 incident, Appellant was also convicted of assaulting his wife twice during the fall of 2011.[2] One specification alleged he struck her on the back with his hand. The other specification, which this court set aside, alleged Appellant threw a baby bottle at his wife, causing a bruise on her hip. The trial counsel did not specifically reference this latter assault (Specification 3 of Charge I) at all in the sentencing argument. The Government instead emphasized the violent incident from

---

[1] On remand, Appellant filed a brief raising an additional issue asserting unreasonable post-trial delay. We do not consider that contention. "If [the Court of Appeals for the Armed Forces] remands a case to [a service Court of Criminal Appeals], that court can only take action that conforms to the limitations and conditions prescribed by the remand." *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989).

[2] Appellant was acquitted of an additional assault alleged to have occurred during that period.

November 2013, as well as Appellant's failure to improve his behavior after receiving nonjudicial punishment for other assaults on his wife earlier in 2013.

*Sentence Reassessment*

Applying the analysis set forth in *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Buber*, 62 M.J. 476 (C.A.A.F. 2006); *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and carefully considering the entire record and the totality of the circumstances, we are confident that we can reassess the sentence. There has not been a change in the penalty landscape, the trial was before a military judge alone, Specification 3 of Charge I was not a significant factor in sentencing, and the remaining offenses are ones with which we have experience and familiarity. Therefore, we are confident that we can reliably determine that, even if Specification 3 of Charge I had been dismissed at trial, the military judge would have imposed a sentence of at least a bad-conduct discharge, 4 months of confinement, reduction to E-1, and a reprimand.

*Conclusion*

Consistent with our prior opinion in this case and our superior court's affirmance, the finding of guilty of Specification 3 of Charge I is set aside. *See United States v. Shea*, ACM S32225 (A.F. Ct. Crim. App. 21 May 2015) (unpub. op.); *United States v. Shea*, 75 M.J. 49 (C.A.A.F. 2015). All other findings are affirmed.

The findings, as modified, and the sentence, as reassessed, are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). They are, accordingly, **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court