# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32193 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Alan J. KILLION, Jr.**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the Air Force Trial Judiciary
*On Remand from*
the United States Court of Appeals for the Armed Forces

Decided 15 February 2017

————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Bad-conduct discharge, confinement for 14 days, reduction to E-1, and a reprimand. Sentence adjudged 10 October 2013 by SpCM convened at Osan Air Base, Republic of Korea.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before DUBRISKE, SANTORO, and C. BROWN, *Appellate Military Judges*

Judge SANTORO delivered the opinion of the Court, in which Senior Judge DUBRISKE and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SANTORO, Judge:

Appellant pleaded guilty to being drunk and disorderly and unlawfully entering the on-base residence of another Airman in violation of Article 134,

UCMJ, 10 U.S.C. § 934. Appellant pleaded not guilty to using provoking speech in violation of Article 117, UCMJ, 10 U.S.C. § 917, but was convicted of that offense by officer and enlisted members sitting as special court-martial. The court-martial sentenced him to a bad-conduct discharge, confinement for 14 days, reduction to E-1, and a reprimand. The convening authority approved the sentence as adjudged.

We affirmed the findings and sentence on 28 January 2015. *United States v. Killion*, No. ACM S32193, 2015 CCA LEXIS 28 (A.F. Ct. Crim. App. 28 Jan 2015) (unpub. op.). Our superior court then set aside and dismissed the provoking speech charge and specification. *United States v. Killion*, 75 M.J. 209 (C.A.A.F 2016). This case is now back before us to determine whether we can reassess Appellant's sentence or must remand the case for a rehearing on sentence.

## I. BACKGROUND

After a night of excessive drinking, Appellant became belligerent and disorderly, accosted strangers with profane outbursts, and resisted his friend's efforts to convince him to return home. Instead, Appellant jumped a fence and entered the apartment of a senior noncommissioned officer he did not know, frightening the residents and neighbors who called security forces. Appellant was apprehended by police and evaluated by emergency medical technicians who decided to transport him to the base emergency room.

Once there, while undergoing treatment for his altered mental state and injuries to his wrist and knee, Appellant physically and verbally lashed out at medical providers. Struggling against restraint by two security forces members and the medical staff, he verbally accosted several medical providers, calling one female nurse a "c[**]t" and medical technicians "Asian douchebags" and "ch[*]nk." This continued intermittently for over an hour, ending only after the medical staff determined it was necessary to sedate him.

## II. DISCUSSION – SENTENCE REASSESSMENT

The provoking speech charge having been set aside and dismissed, we must either reassess Appellant's sentence or remand for a rehearing on sentence. Applying the analysis set forth in *United States v. Winckelmann,* 73 M.J. 11 (C.A.A.F. 2013); *United States v. Buber*, 62 M.J. 476 (C.A.A.F. 2006); *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and carefully considering the entire record and the totality of the circumstances, we are confident that we can reassess the sentence. There has not been a change in the penalty landscape as the maximum punishment authorized remains the jurisdictional limit of this special court-

martial. All the evidence initially admitted in sentencing remained relevant and admissible as *res gestae* of the affirmed charge and specifications.

When this case was initially before us, we summarized the evidence:

> The prosecution admitted substantial evidence of the disruption the appellant caused at the home of an innocent NCO and his family. He entered onto their patio while the NCO's wife was in the shower. Frightened by his banging and yelling, the wife grabbed her daughter and escaped to a neighbor's apartment. After gaining entry, the appellant overturned furniture and refused to leave. After receiving a panicked, incoherent call from his wife, the NCO had to rush home from a unit event, terrified that something awful had happened to his family. The occupant's 8-year-old daughter could not sleep alone for several nights because of the fear and insecurity his misconduct caused. Even after apprehension by security forces, the appellant was uncooperative and tried to kick a military working dog. He impeded the paramedics' efforts to administer treatment, swatting at their hands and removing their equipment.
>
> The appellant's disruptive conduct continued at the emergency room where it took six people approximately 40 minutes just to get the appellant into the bed. For approximately three hours, until the sedation set in, he continued to use foul and aggressive language towards the staff. His behavior was completely inconsistent with the good order and discipline that forms the foundation of military service.

*Killion*, 2015 CCA LEXIS 28, at *9–10.

Although the medical providers who were the targets of the speech that gave rise to the now-dismissed charge testified, the weight of their testimony in aggravation paled in comparison to the testimony of the victims from the unlawful entry incident. None of the providers was actually provoked by Appellant's actions and all had received training on how to handle aggressive patients as part of their medical duties. We are confident that even in the absence of the provoking speech charge, the court-martial would not have sentenced Appellant to any less than the sentence originally adjudged. We therefore reassess Appellant's sentence to that which was adjudged and approved: a bad-conduct discharge, confinement for 14 days, reduction to E-1, and a reprimand.

In reassessing Appellant's sentence, we necessarily have also concluded that the reassessed sentence is appropriate. We assess sentence appropriateness by considering Appellant, the nature and seriousness of the offense, Appellant's record of service, and all matters contained in the record of trial.

*United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). The sentence as reassessed is appropriate for this Airman who voluntarily became intoxicated, caused a disturbance in two different locations, and broke into the on-base residence of a fellow Airman and his family.

## III. CONCLUSION

The sentence, as reassessed, is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, as the findings for Charge I and its two specifications have previously been affirmed, the sentence, as reassessed, is now **AFFIRMED**.


FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court