# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Mark J. GRIJALVA
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGCMG 0388
### Docket No. 1482

### 24 October 2024

General court-martial sentenced adjudged on 19 November 2021.

| | |
|---|---|
| Military Judges: | CDR Paul R. Casey, USCG |
| | CAPT Diane M. Croff, USCGR |
| Appellate Defense Counsel: | LT Schuyler B. Millham, USCG |
| | LCDR Thad J. Pope, USCG |
| Appellate Government Counsel: | LT Christopher Hamersky, USCG |

### BEFORE
### McCLELLAND, BRUBAKER & MANNION
Appellate Military Judges

BRUBAKER, Judge:

A general court-martial with enlisted representation convicted Appellant, contrary to his pleas, of six offenses: making a false official statement; obstructing justice; wrongfully broadcasting an intimate visual image; accessing a computer application without authority and with intent to defraud; using without authority a means of identification of another person; and creating a profile on a computer application with intent to defraud—in violation of Articles 107, 131b, and 134, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to confinement for three months, reduction to E-3, and a bad-conduct discharge, and judgment was entered accordingly.

In our first review of this case, we affirmed the findings but granted sentencing relief for post-trial delay, affirming only so much as provided for confinement for two months, reduction

to E-3, and a bad-conduct discharge. *United States v. Grijalva*, 83 M.J. 669 (C.G. Ct. Crim. App. 2023) ("*Grijalva I*"). After granting review, the United States Court of Appeals for the Armed Forces set aside the conviction for wrongfully broadcasting an intimate visual image but affirmed the remaining findings. *United States v. Grijalva*, 84 M.J. 433, 439 (C.A.A.F. 2024). Accordingly, it set aside the sentence and ordered the case remanded to this Court to either reassess the sentence or order a sentence rehearing. *Id.*

We reassess the sentence. Having considered the totality of the circumstances, we are confident that, absent the set-aside conviction, the sentence would have been at least confinement for two months, reduction to E-3, and a bad-conduct discharge. *See United States v. Winckelmann,* 73 M.J. 11, 15 (C.A.A.F. 2013); *United States v. Buber,* 62 M.J. 476, 479 (C.A.A.F. 2006); *United States v. Harris,* 53 M.J. 86, 88 (C.A.A.F. 2000). This sentence is also appropriate. *See United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986).

Although we have considered *all* the circumstances and *Winckelmann*'s "illustrative, but not dispositive, points of analysis," *Winckelmann,* 73 M.J. at 15–16, we highlight a few matters. First, the change in the penalty landscape and exposure is minimal. Setting aside one of the six offenses of which Appellant was convicted reduces the maximum period of confinement from 39 years to 37—an essentially meaningless change, considering that the members adjudged only three months of confinement.

Second, even without the separate offense of broadcasting intimate photographs of B.C. without her consent, the remaining five offenses capture the gravamen of Appellant's criminal conduct. They demonstrate, as appellate government counsel aptly describes it, that:

> Appellant hacked the social media account of B.C., his best friend's girlfriend, downloaded her private photos, created multiple dating accounts to impersonate her online, held himself out as B.C. to numerous individuals over state[] lines, broadcast B.C.'s clothed and nude photos as a means to defraud said individuals of their money, and then lied to multiple law enforcement agencies in order to conceal his conduct.

Gov't Brief on Remand at 7.

Finally, the same aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses. The intimate nature of the photos Appellant used for his scheme to defraud men out of their money and the significant impact this had on B.C. and others are part and parcel of the remaining offenses.

Even giving the benefit of the doubt as to whether the members would have given a reduced sentence absent the set-aside conviction, we are confident the members would have adjudged at least confinement for two months, reduction to E-3, and a bad-conduct discharge. We must now, however, consider the relief we granted in *Grijalva I* for post-trial delay. Determining what the members would have adjudged absent the set-aside specification does not cure the error of post-trial delay. Accordingly, we adhere to our decision in *Grijalva I* to reduce the period of confinement by one month.

## Decision

Only so much of the sentence as provides for confinement for one month, reduction to E-3, and a bad-conduct discharge is approved. We determine that the sentence, as reassessed, is correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the sentence, as reassessed, is affirmed.

Chief Judge McCLELLAND and Judge MANNION concur.



For the Court,

Sarah P. Valdes
Clerk of the Court